UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

*In re*:

    **Paul L. Simon,**　　　　　　　　　　　　　Case No. 16-22339-rdd
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

　　　　　　　　　　　　　　　　　　　　　　　　　**HON. ROBERT D. DRAIN**

                         Debtor.

### MEMORANDUM OF LAW

### FACTS

This Chapter 13 bankruptcy case is before the Court on Motion of NATIONSTAR MORTGAGE, LLC (hereinafter "Movant") a secured creditor, for relief from the automatic stay.

On January 14, 2005, Debtor and co-borrower, Denise Simon, borrowed $368,000.00 from GreenPoint Mortgage Funding, Inc. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property. The loan was held by Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") as nominee for GreenPoint Mortgage Funding, Inc. The mortgage was later assigned from MERS as nominee for GreenPoint Mortgage Funding, Inc. to Movant.

### POINT I

Bankruptcy Code Section 362(d) provides that:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

    (A) the debtor does not have equity in such property; . . ."

Although Movant has the burden of proof on the issue of debtor's equity, the party opposing the relief has the burden of proof on all other issues. *11 U.S.C. §362(g).*

Courts have observed that "[t]he congressional purpose of [adequate protection] is to 'ensure that the secured creditor receives in value essentially what he bargained for'" *Emplexx Softwared Corp. v. AGI Software, Inc. (In re AGI Software, Inc.)*, 199 B.R. 850, 861 (Bankr. D.N.J. 1995)

Adequate protection applies only to the value of the property. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988). "[I]n determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion' - - the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims." *Nantucket Invs. v. California Fed. Bank (In re Indian Palms Assocs., Ltd.)* 61 F.3d 197, 207 (3rd Cir. 1995). "Many courts have focused on the presence or absence of an equity cushion in determining whether a secured creditor has adequate protection of his collateral." *In re Cardell*, 88 B.R. 627, 632 (Bankr. D.N.J 1998)(finding that "there is no 'equity cushion' in the property which might serve to provide adequate protection to [the moving party] and justify any delay in lifting the automatic stay for cause under §362(d)(1); *Perin v. N-Ren Corp. (In re N-Ren Corp.),* 65 B.R. 661, 663 9 Bankr. S.D. Ohio 1986) (granting relief from the automatic stay where mortgagee had no equity cushion).

According to Debtor's Schedule "A", the property is valued at $400,000.00; Movant's payoff was $399,194.65 as of May 24, 2016. Therefore, with Movant's liens and foreclosure costs,

there is no equity in the real property for the bankruptcy estate.

## **POINT II**

The Debtor's failure to make regular mortgage payments as they become due constitutes "cause" to lift the automatic stay. *In Re Taylor*, 151 B.R. 646 (E.D.N.Y. 1993)

The Debtor is not making payments on their mortgage as required by the debt instrument. Between the interest that continues to accrue, the real property taxes and insurance, whatever equity might exist will decrease rapidly. Therefore, Movant's security interest is not adequately protected, constituting "cause" to terminate the automatic stay as it pertains to Movant lien interest.

**WHEREFORE**, Movant respectfully requests that Motion be in all respects granted and that Movant be awarded such other and further relief as the Court may deem just and proper.

Dated: July 26, 2016                **ROBERTSON ANSCHUTZ & SCHNEID**

By: /s/Elizabeth Doyaga
Elizabeth Doyaga, Esq.
Attorneys for Movant
6409 Congress Avenue, Suite 100
Boca Raton, FL  33487
518-952-6485
erubino@rasflaw.com