PENACHIO MALARA, LLP
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889
F: (914) 206-4884

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>--------------------------------X<br>In re             :<br>                  :<br>    PAUL SIMON,  :<br>                  :<br>            Debtor.  :<br>--------------------------------X | HEARING DATE and TIME:<br>OCTOBER 30, 2019 AT 10:00 AM<br><br><br>CHAPTER 13<br><br>CASE NO.: 16-22339 (SHL) |

**NOTICE OF HEARING ON THE DEBTOR'S APPLICATION (I) APPROVING OF THE SALE OF REAL PROPERTY AT 27 CHESTER COURT, CORTLANDT MANOR, NY 10567 TO LESLIE BERNSTEIN FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 (b) AND (c); (II) APPROVING DISTRIBUTION OF PROCEEDS OF THE SALE PURSUANT TO 11 U.S.C. § 506(a) and 11 U.S.C. §522 AND NYCPLR §5206; (III) APPROVING THE PAYMENT OF BROKER'S COMMISSIONS AND CUSTOMARY AND ORDINARY CLOSING COSTS INCLUDING LEGAL FEES; AND (IV) GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

      **PLEASE TAKE NOTICE** that a hearing on the application of **PAUL SIMON**, the above-referenced debtor (the "Debtor") for approval of the sale of his interest in the property at 27 Chester Court, Cortlandt Manor, NY 10567 (the "Home") pursuant to 11 U.S.C. §363 (b) and (c) will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Courtroom in the Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas St., White Plains, New York 10601 at 10:00 a.m. on October 30, 2019.

      **PLEASE TAKE FURTHER NOTICE** that the terms of the sale are fully set forth in detail in the application and consist of the following material terms:

      1.      The assets transferred consist of the Home.

      2.      The contract price is $675,000.00 to be paid as follows: $67,500.00 deposit with balance to be paid at closing.

      3.      Third, the sale has a mortgage contingency of $540,000.00.

      4.      Fourth, the anticipated closing date is fifteen (15) days after the entry of the Order of the Court approving the sale.

**PLEASE TAKE FURTHER NOTICE** that the sale is subject to higher and better offers.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has claimed a "Homestead Exemption" in his share of the net proceeds in the amount of up to $170,825.00 pursuant to 11 U.S.C. §522 and NYCPLR §5206.

**PLEASE TAKE FURTHER NOTICE** that the application also seeks approval of the broker's commission and expenses and customary and ordinary legal fees associated with the sale.

**PLEASE TAKE FURTHER NOTICE** that the Debtor also seeks permission to distribute the sale proceeds as set forth in the application with mortgage holders receiving payment in full on their allowed claims.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application can be obtained from the Bankruptcy Court website, www.nysb.uscourts.gov or from the undersigned upon request.

**PLEASE TAKE FURTHER NOTICE** objections, if any, to the relief sought in the application, must comply with applicable law and be served upon and received by the undersigned, with a copy to the Bankruptcy Judge and the Office of the United States Chapter 13 Trustee, Krista M. Preuss, 399 Knollwood Rd., White Plains, NY 10603 at least 7 days prior to the return date.

**PLEASE TAKE FURTHER NOTICE** that, unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
      September 23, 2019

PENACHIO MALARA, LLP

/s/ Anne Penachio
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889

PENACHIO MALARA, LLP
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889
F: (914) 206-4884

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re                          :

    PAUL SIMON,               :

                  Debtor. :
------------------------------X

HEARING DATE and TIME:
OCTOBER 30, 2019 AT 10:00 AM

CHAPTER 13

CASE NO.: 16-22339 (SHL)

**THE DEBTOR'S APPLICATION (I) APPROVING OF THE SALE OF REAL PROPERTY AT 27 CHESTER COURT, CORTLANDT MANOR, NY 10567 TO LESLIE BERNSTEIN FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 (b) AND (c); (II) APPROVING DISTRIBUTION OF PROCEEDS OF THE SALE PURSUANT TO 11 U.S.C. §§ 506(a) AND 522(d) AND NYCPLR §5206; (III) APPROVING THE PAYMENT OF BROKER'S COMMISSIONS AND CUSTOMARY AND ORDINARY CLOSING COSTS INCLUDING LEGAL FEES; AND (IV) GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

TO:    THE HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE

        The application of **PAUL SIMON** (the "Debtor"), through his counsel, **PENACHIO MALARA, LLP**, (i) approving of the sale of real property located at 27 Chester Court, Cortland Manor, NY 10567 (the "Home") to Lesley Bernstein (the "Purchaser") pursuant to 11 U.S.C. §§ 363 (b) and (c); (ii) approving the distribution of proceeds pursuant to 11 U.S.C. §§ 506(a) 522(d) and NYCPLR §5206, (iii) approving the payment of real estate broker's commission and customary and ordinary closing costs including legal fees; and (iii) granting such other and further relief as is just and proper, respectfully sets forth and alleges as follows:

**I.    DEBTOR'S BANKRUPTCY BACKGROUND**

        1.    On March 16, 2016, the Debtor filed a voluntary petition for

1

relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the Clerk of this Court and the case was referred to the Bankruptcy Judge herein. Krista M. Preuss serves as Chapter 13 Trustee.

2. The Debtor's financial reverses were caused by a combination of factors including a divorce and business reverses. The foregoing resulted in a significant decrease in his monthly income.

## II. FACTUAL BACKGROUND

3. At the time of the filing, the Debtor held interests in three (3) properties which included the following:

(a) the Home;

(b) a lake house in Putnam Valley (the "Lake Home");

(c) a rental property on Dutch Street in Cortlandt Manor, NY (the "Rental Property").

4. During this case, the Debtor sold the Lake House and surrendered the Rental Property (both of which had no equity). His goal was to retain the Home.

5. The Home is encumbered by a first mortgage held by Nationstar Bank ("Nationstar"). According to Nationstar, at least $161,302.84 was due at the time of the filing. See Exhibit A.

6. The Home is also encumbered by a second mortgage held by JP Morgan Chase ("Chase"). At the time of the filing, $29,100.68 was due to Chase. See Exhibit B.

7. The Debtor claimed a "homestead exemption" in his share of the Home in his amended schedules which will be filed forthwith. The maximum amount claimed is $170,825.00.

2

8. The Debtor's Chapter 13 plan (the "Plan") was confirmed on May 1, 2019. It provides for payments of $200.00 a month for twenty eight (28) months and $5,400.00 for thirty two (32) months. A copy is annexed hereto as See Exhibit C. The payment was increased to cover the arrears due to the mortgage holders on the Home.

9. On or about August 23, 2019, the Debtor entered into a contract to sell the Home to the Purchaser. A copy of the Contract is annexed hereto as Exhibit D.

### III. THE PROPOSED SALE OF THE PREMISES

10. The Contract is fairly straightforward and simple. There are four (4) principal terms.

11. First, the asset transferred consists of the Home. Second, the contract price is $675,000.00 to be paid as follows: $67,500.00 deposit currently held in escrow by Debtor's real estate counsel and balance payable at closing. Third, there is a mortgage contingency of $540,000.00. Fourth, the closing is scheduled to take place 15 days after the Court approves the sale.

### IV. RELIEF REQUESTED HEREIN

12. By this Application, the Debtor seeks an order from this Court (i) authorizing the sale of the Home to the Purchaser pursuant to the terms set forth in the Contract free and clear of all liens and encumbrances pursuant to 11 U.S.C. §§ 363 (b) and (f); (ii) approving distribution of the proceeds and payment of customary and ordinary closing costs and fees under 11 U.S.C. §§ 506 (a) and (c) including payment to the Debtor of ½ of the net proceeds up to the full value of his "homestead exemption" of $170,825.00 under 11 U.S.C. §522(d) and NYCPLR § 5206; and (iii) granting such other and relief as is just proper.

3

## V.   JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

13.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. § § 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105, 363(b) and (c), 506 and 522 of the Bankruptcy Code, Rule of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and Section 5206 of NYCPLR.

## VI.   THE SALE SHOULD BE APPROVED UNDER 11 U.S.C. § 363(b)

14.     Pursuant to Section 541(a) of the Bankruptcy Code, upon the filing of the Debtor's Chapter 13 petition, the Home became property of his estate in bankruptcy.

15.     Section 363 (b)(1) of the Bankruptcy Code provides that, after notice and a hearing, a debtor may sell property of the estate other than in the ordinary course of business.

16.     The standard for determining whether a sale outside the ordinary course of business should be approved is whether the sale is in the best interests of the estate. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983( *In re Ionosphere Clubs*, 100 B.R. 670, 674-75 (Bankr. S.D.N.Y. 1989). Indeed, there must be some articulated business justification for the sale. *Lionel* at 1070.

17.     In applying the foregoing factors to the instant case, it is clear that the proposed sale is in the best interests of the Debtor's estate and the creditors therein. Although a relatively brief amount of time has passed since the filing of the Debtor's Chapter 13 petition, one of the goals of the Debtor's Chapter 13 case was to liquidate the Home in an economical manner. The Home and the cost associated with same are simply cost prohibitive for the Debtor. The maintenance and taxes associated with the Home is a burden to the Debtor and his estate.

Finally, absent a sale, the Debtor is concerned that a foreclosed upon property, which could remain empty for months, would be a blight on the neighborhood.

        18.    The proposed sale will benefit the Debtor and his creditors in that it will relieve him of his ongoing obligations to maintain the Home. Depending upon closing costs, there may be a small surplus after the mortgages are paid.

## VII.   SALE SHOULD BE FREE AND CLEAR OF LIENS UNDER 11 U.S.C. § 363 (c)

        19.    Section 363(c) of the Bankruptcy Code permits a debtor to sell the property of the bankruptcy estate free and clear of all liens and encumbrances, only if:

    a.    Applicable non-bankruptcy law would permit such a sale;

    b.    The entity holding the lien consents;

    c.    The interest is a lien and the sales price exceeds the aggregate value of all liens;

    d.    The interest is in bona fide dispute; or

    e.    The entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

        19.    In the instant case, the sale meets the requirements set forth in 11 U.S.C. § 363(fc. The purchase price is greater than the determined value of liens on the Home.

## VII.   THE PROCEEDS OF THE SALE

        20.    In connection with the sale, the Debtor seeks to disperse the following approximate amounts pursuant to 11 U.S.C. § 506 (a):

    A.    Transfer fees (TP-584) - $5,000.00;

    B.    Real Estate Broker's fees (3%) plus expenses and legal fees and expenses in the amount of $6,000.00 respectively for the undersigned. Should a separate application be required, the undersigned will move by separate application.

5

C. Payment to Nationstar of the amount due (estimated to be $175,000.00);

D. Payment to Chase of the amount due (estimated to be $40,000.00);

E. ½ of the net proceeds split between the Debtor and his wife with the exemption portion of the Debtor's share (up to amount of $170,825.00) to be paid to the Debtor and balance, if any, to be paid to the Trustee.

X. **NOTICE AND WAIVER OF MEMO OF LAW**

21. Notice and a copy of the Application have been served on all parties in interest and their attorneys, if known (including the Office of the United States Trustee, counsel for the Purchaser, and all creditors). It is respectfully submitted that such service is appropriate under the circumstances.

22. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that this Court grant the relief requested herein and all other relief that it deems necessary.

Dated: White Plains, New York
September 23, 2019

PENACHIO MALARA, LLP
/s/ Anne Penachio
Anne Penachio, Esq.
245 Main Street - Suite 450
White Plains, New York 10601
T: (914) 946-2889